IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SCOTT NELSON,

      Plaintiff,

v.                                                                        No. 1:19-cv-01047-JDB-jay

JOHN C. SIMS and HAWGS N.
HILLBILLIES BIKER BAR,

      Defendants.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

_____

      Before the Court is the motion of Defendant, John C. Sims, for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56.  (Docket Entry ("D.E.") 65.)  Plaintiff, Scott Nelson, submitted a response and exhibits in support thereof, (D.E. 69–71), to which Defendant filed a reply.  Accordingly, the matter is ripe for disposition.

## BACKGROUND

      On March 29, 2018, Nelson, Sims, and two other individuals visited an establishment known as Hawgs N Hillbillies Biker Bar.  (D.E. 1 at PageID 2; D.E. 70-1 at PageID 270–71 (Sims Depo.); D.E. 70-9 at PageID 400 (Nelson Depo.).)  At some point in the night, the four patrons left the bar, loaded onto Defendant's John Deere Gator utility terrain vehicle ("UTV")—Defendant sitting in the driver's seat and Plaintiff in the rear passenger's side seat—and proceeded toward another friend's home.  (D.E. 70-1 at PageID 273; D.E. 70-2 at PageID 278; D.E. 70-9 at PageID

1

400.)  As the party approached the house, Sims turned too soon, missing the driveway, and drove the UTV into a culvert off the side of the road.[1]  (D.E. 70-1 at PageID 271–74.)

After the accident, Nelson was transported to Horizon Medical Center's ("HMC") emergency department by Perry County EMS.  (D.E. 70-4 at PageID 291–92; D.E. 70-5 at PageID 296.)  An EMS report noted that Plaintiff suffered a laceration above his left eye, approximately three inches long, and that his bone was visible through the laceration.  (D.E. 70-4 at PageID 291–92.)  A hospital record from HMC documented that Nelson had "obvious injuries as a large laceration starting over his left eyebrow extending all the way to the side of his face bilaterally," "[e]xtensive left facial trauma," and multiple fractures throughout his face.  (D.E. 70-5 at PageID 296–301.)  Plaintiff was subsequently transferred from HMC to Skyline Medical Center "for [a] higher level of care."  (*Id.* at PageID 305; D.E. 70-6 at PageID 305.)  At Skyline, Nelson underwent extensive surgeries on his face.  (*See* D.E. 70-6 at PageID 314–15.)  The hospital also conducted a CT scan of his chest, which showed that he had fractured his "posterior right first rib," and a CT scan of his neck, which revealed a "[d]iminutive right vertebral artery with apparent complete occlusion at the C1/C2 level."  (D.E. 70-6 at PageID 310–11.)  Once Plaintiff was discharged from Skyline, he returned to his home in Texas where he continues to receive medical treatment, including physical therapy.  (D.E. 70 at PageID 256; D.E. 70-7 at PageID 322–26.)

---

[1] During his deposition, Sims admitted that he had consumed alcohol while at the bar and answered in the affirmative when asked whether his judgment "was substantially impaired from the alcohol at the time of the accident."  (D.E. 70-1 at PageID 275; *see also* D.E. 70-3 at PageID 288 (police report).)  He also accepted "100 percent responsibility for th[e] accident" and stated that "it was [his] fault."  (*Id.* at PageID 271–72; *see also* D.E. 70-3 at PageID 289 (copy of criminal judgment from Perry County General Sessions Court in which Sims pleaded guilty to reckless driving as a result of the accident).)

On March 4, 2019, Nelson initiated the present action against Sims and Hawgs N Hillbillies Biker Bar,[2] alleging that both Defendants were negligent and/or reckless, and that Sims was negligent per se.  (D.E. 1.)  Plaintiff seeks to recover the following damages:  (1) past, present, and future medical expenses; (2) past, present, and future physical pain and suffering; (3) past, present, and future mental and emotional anguish; (4) past, present, and future loss of enjoyment of life; (5) economic damages, including lost wages; and (6) punitive damages.  (*Id.* at PageID 6.)

During discovery, pursuant to FRCP 26(a)(2)(A), Nelson timely disclosed to Sims the names of the experts he plans to call at trial; this included all of Nelson's treating physicians.  (D.E. 70-9 at PageID 556–66.)  Plaintiff, however, did not depose any of these experts prior to the deadline for doing so.  Based on Nelson's failure to take their depositions, Defendant filed the instant motion for summary judgment.

## LEGAL STANDARD

Under FRCP 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact."  *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"  *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)).  Conversely, "[t]here is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the

---

[2] Default judgment has been entered against Hawgs N Hillbillies Biker Bar pursuant to Federal Rule of Civil Procedure 56(b)(2).  (D.E. 48; D.E. 51.)

non-moving party.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).   A court's function at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter"; rather, it is "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 748 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 255) ("Credibility determinations . . . and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citation omitted).   Thus, "in order to defeat summary judgment, the party opposing the motion must present affirmative evidence to support her position; a mere 'scintilla of evidence' is insufficient." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003)).   Although a court does not weigh the evidence at this stage, it "must view all evidence and draw any reasonable inferences therefrom in favor of the nonmoving party." *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 426 (6th Cir. 2014) (citing *Matsushita*, 475 U.S. at 587). "[C]onclusory allegations, speculation, and unsubstantiated assertions," however, "are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones*, 677 F. App'x at 282 (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## ANALYSIS

The elements of Nelson's negligence claims are (1) duty, (2) breach, (3) causation, and (4) damages. *West v. East Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 550 (Tenn. 2005).   Defendant contends that Plaintiff cannot satisfy the causation or damages elements of his claims because he

"has failed to complete medical proof in [this] matter."  (D.E. 65 at PageID 227.)  Specifically, Sims insists that Nelson's treating physicians cannot testify as experts at trial since he did not take their depositions before the deadline expired.  (D.E. 65-1 at PageID 229–30, 231.)  "Absent the required medical expert testimony," Defendant avers that Plaintiff cannot prove that his alleged injuries were causally related to the UTV accident, that his past medical expenses were necessary and reasonable, or that any future medical services will be needed.  (*Id.* at PageID 231; D.E. 65 at PageID 227.)

In response, Nelson asserts that his treating physicians will testify as experts at trial on the issues of causation and damages.  (D.E. 70 at PageID 260–61.)  Even without such testimony, Plaintiff maintains that he is permitted to testify about the cause of some of his "simple" injuries, such as his facial laceration and cracked teeth.  (*Id.* at PageID 257–58.)  Further, Nelson claims that his medical expenses are presumed reasonable under Tennessee law since he served copies of these bills on Defendant at least ninety days before the date of trial.  (*Id.* at PageID 259 (citing Tenn. Code Ann. § 24-5-113(b).)

A. *Causation*

Generally, Tennessee law requires "competent expert testimony" to establish causation in personal injury cases.  *Gardner v. Dye*, 2016 U.S. Dist. LEXIS 198803, at *9 (M.D. Tenn. July 1, 2016) (citations omitted).  Lay testimony, however, is sufficient to prove causation "when a 'simple' injury such as a cut or abrasion is involved."  *Brown v. Echols*, 585 S.W.3d 424, 429 (Tenn. Ct. App. 2019) (citing *Varner v. Perryman*, 969 S.W.2d 410, 412 (Tenn. Ct. App. 1997)). For example, in *Varner*, the Tennessee Court of Appeals concluded that the plaintiff's testimony that his stomach muscles were bruised in an automobile accident was sufficient evidence of causation, notwithstanding the lack of expert testimony on the issue. 969 S.W.2d at 412.  Notably,

the court commented that the plaintiff's injury was "arguably more complex than mere cuts and abrasions," as the bruises were not visible on the surface of his skin.  *Id.*

Unlike the plaintiff in *Varner*, many of Nelson's injuries are visible, like the three- to four-inch laceration across the left side of his face, (D.E. 70-5 at PageID 296, D.E. 70-6 at PageID 314), through which the Perry County EMT could see his bone, (D.E. 70-4 at PageID 292).  The HMC intake report similarly observed that Plaintiff had "obvious injuries," specifically noting the laceration on his face.  (D.E. 70-5 at PageID 296.)  As such, the Court agrees with Plaintiff that some of his injuries are so "simple"—such as the laceration on his face, the swelling and bruising around his left eye, and his two cracked teeth—that he may, as a matter of law, testify as to how they were caused.  Therefore, even without expert testimony, Nelson has presented enough evidence to create a genuine dispute of material fact as to the cause of some of his alleged injuries.

Further, Defendant's contention that Plaintiff cannot present expert testimony without first taking the expert's deposition is without merit.  "[A] treating physician may testify as to causation of injuries, so long as the opinion as to causation was formed during the course and scope of the doctor's care of the patient."  *Boyd v. Mabey*, 2009 U.S. Dist. LEXIS 138913, at *4 (E.D. Tenn. Mar. 16, 2009); *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869–70 (6th Cir. 2007) ("[D]octors may need to determine the cause of an injury in order to treat it.  Determining causation may therefore be an integral part of 'treating' a patient.").  Unlike a retained expert, a party is not required to provide an expert report for a treating physician.  *See* Fed. R. Civ. P. 26(a)(2)(B)–(C); *Boyd*, 2009 U.S. Dist. LEXIS 138913, at *4 ("[S]o long as a treating physician's expert testimony naturally flows from the doctor's care and treatment of the patient, an expert report is not required.").  And, significantly, nothing in the Rules requires a party *to depose* a non-retained expert as a prerequisite for testifying at trial.  *See, e.g.*, *Fielden*, 482 F.3d at 869 (quoting Fed. R.

Civ. P. 26(a), cmt. 1993 Amendments) (emphasis added) ("[A] treating physician . . . can be deposed *or* called to testify at trial without any requirement for a written report."). Thus, Nelson's decision not to depose any of his treating physicians is not grounds for dismissing his claims. Since he timely identified the names of these doctors in his expert disclosure, the Court concludes that Plaintiff has presented sufficient evidence to create a genuine dispute of fact as to causation.

### B. Damages

To recover past medical expenses "a plaintiff must prove that the medical bills paid or accrued because of the defendant's negligence were both 'necessary and reasonable.'" *Dedmon v. Steelman*, 535 S.W.3d 431, 438 (Tenn. 2017) (citations omitted). "In all but the most obvious and routine cases, plaintiffs must present competent expert testimony to meet this burden of proof." *Id.* (quoting *Borner v. Autry*, 284 S.W.3d 216, 218 (Tenn. 2009)). Tennessee law, however, "create[s] a rebuttable presumption of the reasonableness (but not the necessity) of the plaintiff's medical bills" when copies of the bills are served on the defendant "at least ninety (90) days prior to the date set for trial." *Dedmon*, 535 S.W.3d at 439 (citing Tenn. Code Ann. § 24-5-113(b)).

Sims insists that Tennessee's rebuttable presumption is limited to "cases where the incurred medical bills are less than $4,000." (D.E. 65-1 at PageID 231 (referring to Tenn. Code Ann. § 24-5-113(a)).) Defendant's assertion is without merit, as the Tennessee Supreme Court has explicitly stated that "[t]he presumption of reasonableness in subsection (b) can apply to medical expense claims of any size." *Dedmon*, 535 S.W.3d at 439 (discussing the difference between the "small-claims presumption" in subsection (a) and the presumption in subsection (b)). Since it is undisputed that Plaintiff supplied copies of his medical expenses to Defendant more than ninety

days before the trial date, (D.E. 72-1 at PageID 736), the Court finds that Nelson has presented sufficient evidence to establish that his past medical expenses were "reasonable."[3]

Moreover, "[a] physician who is familiar with the extent and nature of the medical treatment a party has received may give an opinion concerning the necessity of another physician's services and the reasonableness of the charges."  *Dedmon*, 535 S.W.3d at 438 (quoting *Long v. Mattingly*, 797 S.W.2d 889, 893 (Tenn. Ct. App. 1990)); *see also Simpson v. AutoZone, Inc.*, 2019 WL 4935458, at *2 (W.D. Tenn. Aug. 14, 2019) ("Tennessee courts have found that treating medical professionals may provide evidence of the necessity of the medical treatment[.]").  As discussed above, Plaintiff timely disclosed the names of his treating physicians that he intends to call as experts at trial.  The fact that neither party deposed these physicians is irrelevant to Defendant's motion.  *See Simpson*, 2019 WL 4935458, at *2 (noting that the defendant's failure to depose the plaintiff's treating physicians was "its own decision").  Because Nelson's medical providers may offer opinion testimony at trial, the Court concludes that he has offered enough evidence to create a genuine dispute of fact as to the reasonableness and necessity of his past medical expenses.[4]  Accordingly, summary judgment is inappropriate as there are genuine disputed facts surrounding causation and damages.

## CONCLUSION

For the reasons provided above, the Court DENIES Defendant's motion for summary judgment.

---

[3] Sims, of course, is entitled to submit evidence at trial to rebut the presumption of reasonableness, but that is a question of fact for the jury to decide.  *See, e.g.*, *Dedmon*, 535 S.W.3d at 433–34 ("The defendants remain free to submit any other competent evidence to rebut the plaintiffs' proof on the reasonableness of the medical expenses, so long as that evidence does not contravene the collateral source rule."); Tenn. Code Ann. § 24-5-113(b)(2).

[4] As to Nelson's future medical expenses, the Court notes that Defendant's motion is premature and reserves ruling on this issue.

IT IS SO ORDERED this 22nd day of May 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE